## P. D. S. FRENCH v. SAMUEL C. DAVIS and WIFE.

1 PROBATE COURT: PRACTICE AND PLEADING: CROSS-BILL: DISTRIBUTION.—Petitions for the distribution of estates are informal, and not regulated by technical rules; and it is competent for either party to introduce such evidence, in proceedings of that character, as may be necessary to show what judgment shall be rendered, without regular and formal pleadings; and hence, the administrator is not entitled to make his answer to a petition for distribution, a cross-bill, as such a proceeding is not necessary to enable him to make any defence which he may have.

2. SAME: SAME: DECREE FOR DISTRIBUTION: REFUNDING BOND.—A decree on a petition for distribution, which merely directs the administrator to pay and deliver over to the petitioner the sum ascertained to be his distributive share, but does not order execution to issue to enforce it, is in effect a decree to make distribution according to law, and if made before final settlement, it cannot be enforced until a refunding bond is executed; and it is not, therefore, liable

to the objection, that it orders distribution absolutely, without requiring a refunding bond.

3. SAME: DISTRIBUTION: ADVANCEMENT, HOW CHARGED.—In a decree ordering distribution of an intestate's estate, an advancement made by the intestate to one of the heirs, is chargeable against the party receiving it; but it will be improper to charge it to the administrator, and thus increase the balance in his hands for distribution.

4. SAME: EXECUTOR AND ADMINISTRATOR: PROPERTY MAY BE KEPT TOGETHER BY CONSENT.—The adult heirs at law are bound by their consent, given either expressly or by implication, to the keeping of the property together, and working it on a plantation, by the administrator; and in such a case, they can only require the administrator to account for the nett profits thus produced.

5. EXECUTOR AND ADMINISTRATOR: PROPERTY KEPT TOGETHER WITHOUT AUTHORITY, LIABILITY OF ADMINISTRATOR.—Where an administrator keeps the property of his intestate together, and carries on the plantation without authority from the heirs, he is liable for the nett profits, or for reasonable hire and rent, at the election of the heirs.

6. SAME: SAME: ELECTION OF HEIR, WHEN TO BE MADE.—The heir must, in his petition for distribution, make his election, whether he will take hire and rent, or the nett profits of a plantation carried on by the administrator with the property of the intestate; and when the election is once made, it is irrevocable.

7. SAME: SAME: FAILURE TO ELECT HIRE EXPRESSLY IS A WAIVER.—If in a petition for distribution by an heir, who is then aware that the administrator has kept the property of the intestate together, and carried on a plantation with it, the petitioner do not expressly elect to take hire and rent instead of the profits, he will be held to have acquiesced in the conduct of the administrator, and to have elected to take the profits instead of rents and hires.

8. SAME: DISTRIBUTION: DISTRIBUTEE TAKING UP A NOTE IN SUIT MUST PAY COSTS.—When in a decree for distribution of the wife's share of an estate, the note of the husband, due to the administrator, and then in process of collection by suit, is adjudged to be delivered to the wife as a part of her share, it should also be provided by the decree, that the costs which have then accrued in the suit pending on the note, should not be cast on the estate, or the administrator.

APPEAL from the Court of Probates of Franklin county. Hon. James M. Jones, judge.

This was a petition by Davis and wife, to procure distribution of the estate of the father of Mrs. Davis. The substance of the petition, amended petition, and answer, and cross-bill, and also the action of the court on the cross-bill, are fully set out in the opinion of the court.

The exceptions to the account rendered by the administrator, consisted of objections to the credits claimed by the administrator

for expenditures made in carrying on the plantation after his appointment, and to his debits of the nett proceeds of the plantation, instead of rents and hires; and they were based upon a denial of the administrator's right so to administer the estate; and these exceptions were all sustained.

On the final hearing, it was shown that the intestate died in December, 1850, and that the administrator kept the estate together on the plantation of intestate, for the years 1851, 1852, and 1853; and that the widow resided on the plantation during that period. It was further proven, that all the distributees were of full age at the death of the intestate, and that Mrs. Davis married previous to 1851.

The administrator proved by Davis, that all the distributees knew that the plantation was so carried on,—that he (Davis) knew it, and never made any objection to it; but he stated that he never consented to it. It was proven that Mrs. Spears, one of the distributees, had received $500 from the intestate, in his lifetime.

In restating the account, the court charged the administrator with the value of the annual hires of the slaves, as shown by the proof, instead of with the annual proceeds of the crops, and disallowed all expenditures made for keeping up said plantation. The court also added to the balance against the administrator, the sum of $500, advanced to Mrs. Spears, by the intestate, and the sum thus produced, was divided by seven, and the quotient awarded to the petitioners as their distributive share.

It also appeared, that the administrator sold all the real and personal estate, in March, 1854, and the court charged him with interest on the amount thereof. There is no evidence in the record, as to the disposition or use the administrator made of the money in his hands.

It also appeared, that said Davis owed a note to the administrator, upon which suit had been instituted. This note was decreed to be deducted from the distributive share of Mrs. Davis, and to be delivered up to her and her husband, but no provision was made for the costs which had then accrued in the suit pending on it.

The decree of the court, ordering distribution, after the usual and necessary recitals, proceeded as follows: "It is ordered, adjudged, and decreed, that the said P. D. L. French pay and

deliver over to said Davis and wife, the promissory note above mentioned, as a part of their distributive share of said estate, and that he pay and deliver over to said Davis and wife, the balance of their share, to wit, the sum of four hundred and seventy-five $\frac{30}{100}$ dollars." No express provision is made in the decree for a refunding bond.

From this decree the administrator appealed.

The seventh, ninth, and tenth assignments of error, relate to the action of the Probate Court, in rejecting credits claimed by the administrator for the plantation, during the years 1851, 1852, and 1853, embracing a charge by him for overseeing. The remaining assignments are sufficiently stated in the opinion of the court.

*George L. Potter*, for appellant.

1. It was error to proceed, without notice to the absent heirs and widow. They were made defendants to the amended petition; and were directly interested in, and entitled to be heard on, the claim of petitioners; in order to contest their claim as distributees, and also to show what advancements had been made to them. They were necessary parties; but if not, they were proper parties, and interested, and being named as defendants, they should have been notified. For this want of notice, the decree, &c., must be set aside. Thus argued opposing counsel, in another case, and I note the point.

2. It would seem that the appellant had the right, if he saw proper, to examine petitioners on oath; and it is immaterial whether his demand for such answer from them, be called a cross-bill or not. They were bound to make the discovery, and the order of the court, refusing to make them answer, was erroneous.

3. The decree awards distribution, absolutely, without exacting a refunding bond; though it shows the estate is not finally administered, and reserves a large sum for expenses of the future administration. As the decree stands, it is peremptory, and he must pay over, even though no bond be given.

4. It seems that the intestate, in his lifetime, advanced $500 to Mrs. Spears, one of the distributees; and this sum is charged against the administrator, as so much due from him, and to be accounted for; and distribution is actually awarded to petitioners,

French *v.* Davis and wife.

of their share in this sum. But the main ground for objection is, that there is decreed against the administrator, a large balance, after deducting his charges and commission, as due by him to the estate; and this $500 advancement, makes part of that balance; and if this balance stands, the other distributees, including Mrs. Spears, who had the advance, can come in and claim their share of it. The administrator is thus compelled to pay a sum which his intestate advanced to one of the children. The proper mode would have been to charge the $500 against the share of Mrs. Spears; as she, and not the administrator, is to account for it.

5. The administrator is charged for hires of slaves, instead of the proceeds of crops, during the years he worked the estate. It is shown that petitioner, Davis, knew he was so working it, and no objection was made. The petition does not claim hires. This court has held that the distributees cannot claim hires, where they have consented that the administrator may work the estate; and that they must elect, if entitled to claim them, to take hires, when they file their petition for an account. *Billingslea* v. *Young,* 4 Geo. 102. This case also shows that consent may be presumed " from the conduct of the parties;" and the rule is thus declared where a married woman was the party.

6. The estate, real and personal, was sold by the administrator, and no complaint is made that it was not duly sold; and the answer to amended petition shows it was sold at the instance of petitioner. The petition does not suggest that the administrator is chargeable with interest on the sums, for which the estate sold; but he is, nevertheless, charged with such interest. There is no proof, nor even a suggestion, to show that he is liable for interest. ·

7. The charge of interest on hires, is of course improper, if the administrator was not chargeable for hires; and this depends on the fifth error assigned.

8. The decree directs the note of Davis to be delivered up, in part payment of the share of petitioners. The answer shows, that the administrator has sued Davis on that note, and suit is pending. By this decree, the cause of action is to be delivered up, and a suit properly brought is to be defeated, and no provision is made as to the costs of that suit. If the decree stands, those costs must fall on the administrator, for he cannot prevail in the suit if he gives

up the note; and yet it is plain that Davis, and not the administrator, or the estate, should pay those costs.

9. The error in sustaining exceptions to credits claimed for accounts two, three, four, five, and twenty-five, depends on the question of hires. If the petitioners are bound, under the circumstances, to take their share of the proceeds of the crops, instead of hires, they must allow for the proper expenses of making the crops. They can claim a share of only the nett proceeds. The administrator charges himself with accounts of sales, gross proceeds of crops, and then claims credit for expenses in making the crops. This was proper; and he should have had credit for such necessary expenses.

10. The grounds of this assignment are the same as those before considered; and they need not be further noticed.

*W. P. Harris*, for appellees.

In reference to the action of the court on the cross-bill, I deem it sufficient to say, that at most, the cross-bill was an application for an order directing "plenary proceedings" (Code, 430), and it was in the discretion of the court, to allow or disallow it. In the case before us, the discretion was properly exercised, as every legitimate question could be appropriately raised and decided on the exceptions to the account, without delay.

The contest on the account was substantially this,—the administrator kept the property together from the death of the testator, in December, 1850, until about 1854, and then it was sold.

The administrator asked allowance for expenditures resulting from this arrangement for 1851, 1852, and 1853, and charged himself with the amount of proceeds of cotton made on the plantation, and asked allowance for wages for himself as overseer, during those years.

The petitioners elected to claim hire for the slaves of the estate so employed, and waived their right to the proceeds of cotton, and objected to the claim for expenditures made in carrying out the plan of the administrator.

The amount of the value of the hires of the slaves was proved, as also the fact that the administrator had continued the farming operations, during three years after the testator's death.

French *v.* Davis and wife.

The petitioner, Davis, was made a witness by the administrator. He stated that he knew that French was carrying on the farm, but never gave his assent to it ; that he was married to his wife, the intestate's daughter, previous to 1851. The proof fully sustains the exceptions.

As the administrator on his own plan commenced to carry on the plantation after the death of the intestate, who died in 1850, and continued so to carry it on for three years, he must be considered as assuming the responsibility of such a misapplication for the whole time, and liable for all expenses incurred for the whole period, although he might under other circumstances, have claimed to finish a growing crop existing the first year of his administration.

He does not place his claim on the ground, that it was necessary during the first year to continue and gather a growing crop.

The exceptions extending to the expenses during this time were sustained, and also that to the claim for wages as an overseer : this was all right.

The objection by the administrator, to including the $500 advanced by the intestate in his lifetime to one of the distributees, is not well founded as coming from him. It did not increase his liability at all, and is put into the general balance with reference to ascertaining the share of Davis and wife. The distributee advanced, will have to suffer a deduction to that extent. The evidence was competent,—her own admissions ; and she was a party, and makes no objection. The action of the court is therefore conclusive.

The proceeding must be looked upon as a final settlement, though the account is called "annual." The outstanding debt due is disposed of by the decree, and the defendant admits that the small claim against the estate, then in suit, was groundless. All the property sold, and all the debts paid, and nothing to do but to pay over the account, is final in its nature.

HARRIS, J., delivered the opinion of the court.

The appellees filed their petition in the Probate Court of Franklin county, in right of the wife, as an heir at law of Robert French, deceased, against the appellant as administrator, and the other heirs and distributees of said Robert French, deceased, for her distributive share of said estate.

The petition shows the death of Robert French; that he left real and personal estate to about the value of $10,000; that appellant was appointed administrator; that the property of the estate has been all sold and converted into money and notes; that appellant has rendered no final account, nor made distribution, although more than twelve months had elapsed since the grant of letters of administration to him.

The petition then states all the heirs and distributees of said estate, and their respective places of residence, and claims that the said wife of Samuel C. Davis is entitled to one-seventh as her share of said estate; and the said Samuel C. Davis tenders a refunding bond, &c. The petition further states that one of the distributees received an advancement of $500 in the lifetime of intestate; prays that the same may be taken into consideration; that distribution may be made to the said husband and wife; for final settlement; and for process and publication against the administrator, widow, heirs, and distributees.

We state the substance of the original and amended petitions:

The administrator appeared, and filed what is termed an "annual account," at *May term*, 1857, of said court.

At *April term* of said court, 1857 (intended, we presume, for *May term*), exceptions were filed by appellees to "the partial settlement" of said administrator.

Next, there appears in the record, the answer of the administrator to the petition, and to the exceptions to said account. This answer admits most of the statements in the petition, and seeks to avoid the exceptions taken to his account, by stating that the intestate in his last illness, requested that as his estate was small, and barely sufficient to support his wife—an old woman—and his children were grown, his administrator should keep his property together for the maintenance and support of his wife. That this request was known to all the parties, and assented to and acquiesced in by them, until the appellees commenced proceedings for the sale and distribution of the estate. That most of the expenditures in said account stated, and excepted to by defendants in error, were made in keeping the said property together, as requested by the intestate, and with the consent and agreement of the distributees, that said estate should be so kept together for the use of their old mother. The answer is

sought to be made a cross-bill against all the parties, with appropriate prayer for relief.

To this answer a demurrer was filed, so far as it is made a cross-bill. Citations issued, and publication was ordered, and, finally, the demurrer to the cross-bill was sustained.

The record then recites : " That it appearing that all the parties in interest, mentioned in the petition of plaintiff as distributees of said estate, have been regularly summoned and notified according to law, and all, except the administrator, having failed to answer, it is ordered, that the allegations of the petition be taken for confessed against all of said parties, except the administrator."

The cause was then submitted to the court, upon the petition, answer, *pro confesso*, and proof, and a decree rendered in favor of the petitioner. From which an appeal is prosecuted to this court, and numerous errors assigned.

1st. It is alleged that the decree was void for want of notice. This is a mistake, as shown by the record.

2d. It is urged that the demurrer to the cross-bill ought not to have been sustained.

We think there was no error in this, as the cross-bill was wholly unnecessary, on petition for distribution. These petitions are informal applications, addressed to the sound legal discretion of the court, involving the whole course of administration; and it is competent for the administrator, without formality, to show cause, in any intelligible manner, why a decree for distribution should not be made at all; or in what manner, or to what extent, justice to all parties requires it should be made.

It is the duty of the Court of Probates, without regard to the technical rules which regulate proceedings in chancery, to allow to all parties in interest before them, on petitions for distribution, the full benefit of any evidence which may tend to inform the conscience of the court, as to the proper judgment or decree it should render. The statute regulating this proceeding, does not contemplate the formality of bills and cross-bills; it was, therefore, not proper to incumber the record with unnecessary pleadings.

3d. It is insisted next, that it was error to award distribution, absolutely, to the petitioners, without requiring a refunding bond. We do not understand this decree as directing that the distribution

shall be made *without a refunding bond.* It directs distribution generally, that is, according to law. The *law* directs that the petitioner shall be entitled to the benefit of this decree, when he shall execute and deliver his refunding bond. It was not, therefore, necessary that the court should go further than the general decree here pronounced.

4th. It is assigned for error, that the court charged the administrator with the amount of $500, advanced to Mrs. Spears by her father (the intestate), in his lifetime, by its final decree; and *singularly erroneous* as this would seem, the record shows it to be true.

5th. It is objected to the decree, that it charges the administrator with the hires of the slaves, when petitioners did not claim hires in their petition; and it is shown that petitioners knew he was working the slaves, and did not object to it.

The question is here presented, whether the administrator should be charged with the hire of the negroes, and the rent of the land, &c.; or whether he is chargeable alone with net proceeds of the plantation?

It is certainly true, that it is competent for adult heirs at law, to consent, or agree, that the property of the intestate should be kept together for the support of their mother, or for *any* lawful purpose, and such consent will justify the administrator, in the absence of creditors, or so far as the distributees are concerned, in conforming his action to their wishes on this subject.

In the case of *Billingslea and Wife* v. *Young's Executor*, it was said by this court, "that to justify an administrator or executor in keeping the property together, and working it on the plantation of decedent, he must bring himself within the provisions of the statute on that subject, or the terms of the will under which he acts, or show the consent, either express or implied, of the parties interested; otherwise he will be liable for the profits, or for the rent of the land and hire of the slaves, at the election of the distributees. And that a distributee entitled to an election, as to whether he will take the proceeds of the crops raised by the executor, or the rent of the land and hire of the slaves, ought to make the election in his petition for distribution."

In the case of *Crowder* v. *Shackleford*, 35 Miss. R. 354, in com-

menting on the statute regulating this proceeding, it is said by this court: "The object of the statute manifestly appears to be, to enable a person entitled to distribution, to obtain the share of the estate to which he may be entitled. *He is required to set forth his claim, and of course to establish it.*"

"His claim" depending on his "election," whether he will take the proceeds of the crops, or the rent of the land and hire of the negroes, he ought to make that election, and "set it forth" as the claim he makes, *in his petition for distribution;* else it must be presumed that he has assented to the irregularity, and adopted the action of the administrator in this respect. The right of these parties to make this election, and to waive their claim against the administrator for rent and hire, it is not the province of the court to dispute. But when made, it is irrevocable *by them,* and they are estopped by the record from denying such election and waiver. This petition is wholly silent on this point.

It follows that the decree in this respect was erroneous; and this view of the case is as well applicable to the 7th, 9th, and 10th assignments of error, as to the 5th.

6th. This assignment of error relates to the liability of the administrator to pay interest on the amount of the sale of the estate.

There is no evidence in the record upon which such a charge against the administrator could be properly based. There is no evidence that he has so used the estate, as to render him chargeable with interest.

The only remaining assignment is, that the decree directs the administrator to deliver to petitioner, Samuel C. Davis, his own note, belonging to the estate, and in suit against him, in part payment of the amount due his wife, without any provision for the payment of cost, which is thereby cast on the estate.

This was certainly wrong.

Let the decree be reversed, and cause remanded for further proceedings, in accordance with this opinion.